UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

JESUS GONZALEZ

      Plaintiff,

vs.

PINCHO FACTORY #2, INC. and
JONA-SHAREGO, LLC

      Defendants.

_____/

## **COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez, by and through his undersigned counsel, hereby sues Defendant Pincho Factory #2, Inc. and Defendant Jona-Sharego, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## **JURISDICTION**

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.     Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3.     Defendant Pincho Factory #2, Inc. and Defendant Jona-Sharego, LLC are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

1

## PARTIES

4.      Plaintiff Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).  Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5.      Defendant Pincho Factory #2, Inc. (also referenced as "Defendant Pincho #2," "operator," or "lessee") is a Florida for profit corporation which is the owner and operator of the Pincho Factory restaurant located at 30 Giralda Avenue, Coral Gables, Florida 33134.

6.      Defendant Jona-Sharego, LLC (also referenced as "Defendant Jona-Sharego," "owner," or "lessor") is a Florida limited liability company which is the owner of commercial real property identified as Folio  03-4108-007-3230, with post address 79 Merrick Way, Coral Gables, Florida 33134 (also known by the location/address 30 Giralda Venue, Coral Gables, Florida 33134). Defendant Jona-Sharego's commercial property consists of a building which houses a restaurant, a salon/spa, and a hair salon. The restaurant portion of the property is operating as the subject Pincho Factory restaurant.

## FACTS

7.      At all times material hereto, Defendant Jona-Sharego has leased a portion of its commercial building to Defendant Pincho #2 who in turn has operated (and continues to operate) its Pincho Factory restaurant within that leased space.

8.      Defendant Pincho #2's "Pincho Factory" restaurant is one of a small chain of "Pincho" restaurants in Miami-Dade and Broward counties. All ten Pincho brand restaurants feature beef burgers, kebabs and Latin sides such as tostones, fries, and rice and beans. The name "Pincho Factory" is currently going through a re-branding as "Pincho Burgers + Kebabs." The Pincho Factory restaurant which is the subject of this instant action is located at 30 Giralda Avenue, Coral Gables, Florida 33134 and is open to the public, therefore it is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." This Pincho Factory restaurant is also referred to as "Pincho Factory restaurant," "restaurant," or "place of public accommodation."

9.      As the owner/operator of a restaurant which is open to the public, Defendant Pincho #2 is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

10.     Due to the close proximity to Plaintiff's home to the Pincho Factory located at 30 Giralda Avenue, on August 16, 2022, Plaintiff personally visited the restaurant to purchase a meal and dine therein and to test for compliance with the ADA/ADAAG.

11.     Due to the fact that he perambulates with the assistance of a wheelchair, Plaintiff met barriers to access while testing/dining within the restaurant.

12.     Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator of the Pincho Factory restaurant (Defendant Pincho #2) and by the owner of the commercial property which houses the restaurant (Defendant Jona-Sharego).

13. As the owner and operator of the Pincho Factory restaurant, Defendant Pincho #2 is aware of the ADA and the need to provide for equal access in all areas of its restaurant. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its restaurant is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14. As the owner of commercial property which is built out and utilized as a restaurant open to the public, Defendant Jona-Sharego is a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

15. As the owner of commercial property which is utilized as a place of public accommodation, Defendant Jona-Sharego is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

16. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize and/or test the Pincho Factory restaurant at 30 Giralda Avenue, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that restaurant which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20.     The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21.     Congress explicitly stated that the purpose of the ADA was to:

(i)      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42  U.S.C. §12101(b)(1)(2) and (4).

22.     Prior to the filing of this lawsuit, Plaintiff personally visited the Pincho Factory restaurant at 30 Giralda Avenue with the intention of patronizing that restaurant to enjoy a meal and/or test the public accommodation for compliance with the ADA/ADAAG. However, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

23.     Defendant Jona-Sharego and Defendant Pincho #2 have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and

equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Pincho Factory restaurant in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the Pincho Factory restaurant located at 30 Giralda Avenue.

25.     Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

26.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27.     Defendant Jona-Sharego's commercial property, which houses Defendant Pincho #2's restaurant, is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and both Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i.    As to Defendant Pincho #2 (operator of the restaurant) and Defendant Jona-Sharego (owner of the commercial property) (jointly and severally), Plaintiff had difficulty entering the secondary entrance door, as it has a vertical change of level at the door

threshold and does not have signage posted indicating the location of an accessible entrance. The failure to have signage displaying the international symbol for accessibility and providing the location of the entrance door which is accessible is in violation of 28 C.F.R. Part 36 and ADA Code §216.6. The fact that the secondary entrance door has a vertical change of level at the door threshold is in violation of Section 4.13.8 of the ADAAG and Section 404.2.4.4 of the 2010 ADA Standards for Accessible Design (which is detailed at section (ii) below).

ii.  As to Defendant Pincho #2 (operator of the restaurant) and Defendant Jona-Sharego (owner of the commercial property) (jointly and severally), Plaintiff had difficulty perambulating into the restaurant and using the main entrance because the main door has a change in level at the door threshold. This is a violation of Section 4.13.8 of the ADAAG and Section 404.2.4.4 of the 2010 ADA Standards for Accessible Design (maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance). Section 4.13.8 states that thresholds at doorways shall not exceed 3/4 in (19 mm) in height for exterior sliding doors or 1/2 in (13 mm) for other types of doors. Raised thresholds and floor level changes at accessible doorways shall be beveled with a slope no greater than 1:2, which not attained at either the main entrance or the secondary entrance to the restaurant.

iii.  As to Defendant Pincho #2 (operator of the restaurant) and Defendant Jona-Sharego (owner of the commercial property) (jointly and severally), the seating area of the restaurant does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 and 902 of the 2010 ADA Standards for Accessible Design.

iv.    As to Defendant Pincho #2 (operator of the restaurant) and Defendant Jona-Sharego (owner of the commercial property) (jointly and severally), Plaintiff was unable to sit in the restaurant and enjoy a meal due to the fact that the restaurant has not provided a sufficient number of interior accessible dining seating and surfaces, which is in violation of Section 5.1 of the ADAAG and Section 226 of the 2010 ADA Standards for Accessible Design. Section 5.1 requires (wheelchair) access for a minimum of 5% of fixed or built-in tables distributed throughout dining areas. The required clear width (36 inches minimum) is specified for the clearance between the edges of fixed tables or between table edges and walls.  Section 226.1 requires that, where dining surfaces are provided for the consumption of food or drink, at least five percent (5%) of the dining seating and standing spaces.

v.    As to Defendant Pincho #2 (operator of the restaurant) and Defendant Jona-Sharego (owner of the commercial property) (jointly and severally), Plaintiff could not enter the men's accessible restroom without assistance, as the required maneuvering clearance on the push side of the restroom entry door (for doors with closer and latch) is not provided. The fact that the restroom door does not provide the required maneuvering clearance is a violation Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design (maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance).

vi.    As to Defendant Pincho #2 (operator of the restaurant) and Defendant Jona-Sharego (owner of the commercial property) (jointly and severally), as to the men's accessible restroom, Plaintiff could not use the toilet without assistance, as the toilet

8

is mounted outside the required distance from the side wall, therefore it is mounted at a non-compliant distance from the side wall. This is a violation of Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards for Accessible Design. According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall to the center line of toilet. The side wall mount shall be either mounted 18 min (455 mm) from the side wall to the center line of toilet or min (1065 cm) from the side wall to the center of the toilet.

vii.   As to Defendant Pincho #2 (operator of the restaurant) and Defendant Jona-Sharego (owner of the commercial property) (jointly and severally), as to the men's accessible restroom, Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of Section 4.16.6 and Fig. 29 of the ADAAG. Section 4.16.6 states that toilet paper dispensers shall be installed within reach, as shown in Fig. 29(b). This is also a violation of Section 604.7 of the 2010 Standards for Accessible Design which states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finished floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow

continuous paper flow. The subject toilet paper dispenser is in violation of these sections.

viii.     As to Defendant Pincho #2 (operator of the restaurant) and Defendant Jona-Sharego (owner of the commercial property) (jointly and severally), as to the men's accessible restroom, Plaintiff could not use the soap dispenser without assistance, as it is not mounted at the required location, which is violation of 28 C.F.R. Part 36. The soap dispenser is not mounted in accordance with the forward reach guidelines delineated at Section 4.2.5 (Fig 5) of the ADAAG.  This is also a violation of the 2010 ADA Standards for Accessible Design, specifically Section 606.1 which states that when soap and towel dispensers are provided, they must be within the reach ranges specified in Section 308.2.1. This section states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finished floor or ground.

28.     Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendants have been required to make the commercial property and the Pincho Factory restaurant operated therein accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

29.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an order to alter the commercial property and the Pincho Factory restaurant located therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Jona-Sharego, LLC (owner of the commercial property) and Defendant Pincho Factory #2, Inc. (owner/operator of the Pincho Factory restaurant located therein) and requests the following injunctive and declaratory relief:

a)        The Court declare that Defendants have violated the ADA;

b)        The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c)        The Court enter an Order requiring Defendants to alter the commercial property and the Pincho Factory restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d)        The Court award reasonable costs and attorneys fees; and

e)        The Court award any and all other relief that may be necessary and appropriate.

Dated September 19,  2022

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*